IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIE F. BUCAO,

    Plaintiff,                          No. 2:12-cv-1700 MCE DAD P

    vs.

G. SWARTHOUT, et al.,

    Defendants.                 FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil right action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint filed June 26, 2012 (ECF No. 1). Therein, plaintiff alleges that defendants violated his rights under the Eighth Amendment by failing to protect him from a known risk of harm from his cellmate. This matter is before the court on defendants' February 4, 2013 motion to dismiss due to plaintiff's alleged failure to exhaust his administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e(a). (ECF No. 20.) Plaintiff opposes the motion.

        On October 25, 2012, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b). See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012);

/////

1    Wyatt, 315 F.3d at 1115, 1120 n.14.  Defendants also included the required notice with their

2    motion to dismiss.  (See ECF No. 20-4.)

3            Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L.Ed.2d 958 (2001).

8    McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  Exhaustion must precede the filing of

9    the complaint; compliance with the statute is not achieved by satisfying the exhaustion

10   requirement during the course of an action.  Id. at 1200.  Defendant has the burden of proving

11   that plaintiff failed to exhaust available administrative remedies.  See Wyatt, 315 F.3d at 1120.

12           Prior to January 28, 2011,

> California's Department of Corrections provide[d] a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment.  Within fifteen working days of "the event or decision being appealed," the inmate . . . ordinarily [was to] file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally."  Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c).  [Footnote omitted.]  If the issue [was] not resolved during the informal appeal, the grievant next proceed[ed] to the first formal appeal level, usually conducted by the prison's Appeals Coordinator.  Id. §§ 3084.5(b), 3084.6(c).  Next [was] the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections.  [Footnote omitted.]  Id. § 3084.5(e)(1)-(2).

21   Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005).  The regulations governing inmate

22   grievances were amended effective January 28, 2011 and now require three levels of

23   administrative review of inmate grievances, omitting the informal level of review.  See Cal. Code

24   Regs. tit. 15 § 3084.7.  In relevant part, applicable regulations require that a grievance be filed

25   within thirty calendar days of the "occurrence of the event or decision being appealed."  15 CCR

26   § 3084.8(b)(1).

In his complaint, plaintiff alleges as follows. On April 20, 2011, plaintiff reported to defendants Quinteros and Jiminez that he needed to be transferred away from his cellmate, inmate Ayyoub. (Complaint filed June 26, 2012 (ECF No. 1) at 3.) Both defendants denied plaintiff's request. (Id.) On April 30, 2011, inmate Ayyoub stabbed plaintiff. (Id. at 4.) On October 11, 2011[1], defendant Swarthout "had personal knowledge" that inmate Ayyoub was a safety risk when he was released from administrative segregation following a slashing attack on another inmate. (Id. at 3.)

In support of their renewed motion to dismiss, defendants have presented evidence that plaintiff did not file any inmate grievance concerning the events alleged in his complaint. (See Decl. of V. Estrella in Supp. of Defs.' Mot. to Dismiss (Decl. of Estrella - ECF No. 20-2) at ¶ 4; Decl. of J. Lozano in Supp. of Defs.' Mot. to Dismiss (Decl. of Lozano - ECF No. 20-3) and Ex. A thereto.)

In opposition to the pending motion to dismiss, plaintiff has presented an inmate health care appeal that he filed on August 5, 2011. At the first level of review, that inmate grievance contained the following relevant allegations: "Petitioner submitted a 7362 form requesting treatment from the 4-30-11 incident. I still have pain in my legs. I am requesting a CDC-128-B Single Cell Chrono. and that no reprisal be taken against me for filing this appeal." (Ex. A to Pl.'s Opp'n to Mot. to Dismiss filed May 7, 2013 (ECF No. 22) at 4.) Plaintiff's inmate appeal was partially granted at the first level of review with the following findings:

> On September 29, 2011, you were personally interviewed by Dr. R. Tan, and afforded an opportunity to fully explain your appeal issue . . . . Additionally, an inquiry of your appeal was conducted, which included a review of your Unit Health Record (UHR),

/////

---

[1] This is the date plaintiff has handwritten in his complaint; it follows the alleged incident at bar and, if it is not an error in drafting the complaint would be insufficient to support inclusion of defendant Swarthout in this action. However, the exhibit appended to plaintiff's complaint that he cites to support the allegation is an unlock report dated December 2, 2010, suggesting that inmate Ayyoub may have been in administrative segregation prior to the incident at bar. Plaintiff's complaint is not clear on this point.

3

> applicable sections of California Code of Regulations (CCR) Title 15, and the Departmental Operations Manual (DOM).
>
> Results of the inquiry reveal you were seen and examined by Dr. Tan on September 29, 2011. Dr. Tan noted you told him you were attacked by your cellie with a screw and sustained a scratch on your left thigh. You stated you wanted a single cell and you were mentally injured. You report the incident to custody staff, and are no longer housed with that inmate. Upon examination, Dr. Tan noted you had an old scratch two and a half inches long on your left thigh, your knee had normal range of motion, no locking, no tenderness, and no redness. Your left foot is normal, and no injury was noted. Dr. Tan noted a referral has been submitted for you to be seen by Mental Health for possible anxiety. A single cell chrono is not medically indicated. There is no indication you have been subject to any form of reprisals.
>
> DETERMINATION: Based on the foregoing, your appeal is partially granted, in that you have not been subjected to any form of reprisals.
>
> The above findings indicate your medical issues have been addressed and the medical care provided to you has been appropriate.

Id. at 6-7.

Plaintiff pursued his inmate grievance to the second level of review, where he alleged:

> Petitioner asserts that although prison officials acknowledge that I was attacked by my cellmate, Dr. Tan examination of petitioner's injuries are healing, I am still having wanton pain mentally and physically as a result of the attack. Whereas prison officials failure to provide personal safety, when they had personal information that inmate Ayyoub # K-27644 posed a risk to institution security, when he was released from Administrative Segregation from a previous "Slashing" attack on inmate Sandhu # G-44220 on October 11.

Id. at 5. In the second level response, the issue was described by prison officials as follows:

> Although your issues were addressed in your first level response, you remain dissatisfied because you are still having wanton pain mentally and physically as a result of the attack. Prison officials failed to provide personal safety when they had personal information that inmate Ayyoub posed a risk to institution security; when he was released from Administrative Segregation from a previous slashing attack on inmate Sandhu on October 11, 2011.

1  Id. at 8. The findings included the following:

2      In your request for a second level review, your medical history,
    appeal and attached documentation were reviewed. Please be
3      advised, medical staff does not determine who an inmate is housed
    with. Medical staff can only identify any housing restrictions.

4

5      . . . .

    The above findings indicate your medical issues have been
6      addressed and the medical care provided to you has been
    appropriate.

7

8  Id. at 9.

9      Plaintiff then pursued his inmate grievance to the third level of the health care

10 review system, where it was denied with the finding that plaintiff was "receiving medical

11 treatment deemed medically necessary by your licensed CDCR providers," that there was "no

12 indication of ongoing problems from your stab/scratch wound," and that plaintiff had been

13 advised "by both mental health and medical professionals there is no indication for a single cell

14 status." Id. at 11. The decision at the third level of review concluded:

15     After review, there is no compelling evidence that warrants
    intervention at the Director's Level of Review as your medical
16     condition has been evaluated by licensed clinical staff and you are
    receiving treatment deemed medically necessary.

17

18 Id.

19     Plaintiff contends that his pursuit of his inmate grievance through the third level

20 of review as described above was sufficient to exhaust his administrative remedies with respect

21 to the claim he alleges in his complaint before this court.

22     In reply, defendants present evidence that as of August 2008, the inmate appeals

23 system within the California Department of Corrections and Rehabilitation (CDCR) was

24 bifurcated with a new track for inmate appeals involving medical, dental, and mental health

25 appeals, while the other track was for other conditions-of-confinement grievances. (Second

26 Decl. of J. Lozano in Supp. of Defs.' Mot. to Dismiss (Second Decl. of Lozano - ECF No. 25-1)

at ¶ 4.) Each track has its own form; health care appeals are submitted on form CDC 602-HC, while other conditions grievances are submitted on form CDC 602. (Id.) With this change, staff reviewing grievances were given the discretion to recategorize a grievance filed on the wrong form, or to return it to an inmate with instructions to file the grievance on the proper form. (Id. at ¶ 5.) The CDC 602 form is generally the proper form for commencing a non-medical failure to protect grievance against correctional staff. (Id. at ¶ 6.) Defendants contend that the grievances submitted by plaintiff were insufficient to exhaust his administrative remedies with respect to the claim asserted in this civil action because they were submitted through the health care review process and, at the first level of the grievance, made no mention of any of the three defendants named in the complaint or their alleged failure to protect plaintiff.

> A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress. To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations. Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). The California regulations require only that an inmate "describe the problem and the action requested." Cal.Code Regs. tit. 15, § 3084.2(a). Where, as here, a prison's regulations are "incomplete as to the factual specificity [required in an inmate's grievance], a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir.2009) (internal quotation marks omitted).

Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010).

The undersigned concludes that the healthcare related inmate grievance pursued by plaintiff was insufficient to exhaust his administrative remedies with respect to the failure to protect claim that he alleges in his complaint filed in this action. The grievance pursued by plaintiff was submitted as a health care appeal. At the first level, plaintiff stated that he had submitted a form "requesting treatment from the 4-30-11 incident." (Pl.'s Ex. A (ECF No. 22) at 4.) Plaintiff also requested single cell status and no reprisals. (Id.) Nowhere in that grievance did plaintiff allege that he had requested a cell change prior to being attacked or that the request had been denied. Id. The second level decision does suggest that during the interview process

plaintiff raised a failure to protect issue: as noted above, the reviewer of that inmate grievance included in the description of the issue that "Prison officials failed to provide personal safety when they had personal information that inmate Ayyoub posed a risk to institution security." (Id. at 8.) However, there is no evidence before the court that plaintiff specifically alleged that he had requested and been denied a cell change, and, in any event, that reviewer specifically noted that medical staff did not "determine who an inmate is housed with" and that medical staff could "only identify housing restrictions." (Id. at 9.) Moreover, there was no mention at all of any failure to protect issue in the decision rendered at the third level of administrative review. (Id. at 10-11.) Throughout the appeals process, plaintiff's grievance was handled as an appeal involving medical and mental health issues, not as a failure to protect complaint. Moreover, the inmate grievance process was commenced by plaintiff on August 5, 2011, over three months after plaintiff allegedly requested and was denied a cell change and was shortly thereafter stabbed by his cellmate. Accordingly, if it was an inmate grievance stemming from the events of April 2011, it was untimely under applicable regulations. See 15 CCR § 3084.8(b)(1).

       For all of the foregoing reasons, this court finds that the inmate health care grievance initiated by plaintiff on August 5, 2011 was insufficient to exhaust his administrative remedies with respect to the failure to protect claim alleged in the complaint filed in this action, and that plaintiff did not otherwise exhaust available administrative remedies with respect to that claim. Accordingly, this court finds that plaintiff failed to exhaust his administrative remedies prior to filing this action as required by 42 U.S.C. § 1997e(a). The action must therefore be dismissed without prejudice. See Wyatt, 315 F.3d at 1120.

       In accordance with the above, IT IS HEREBY RECOMMENDED that:

       1. Defendants' February 4, 2013 motion to dismiss (ECF No. 20) be granted;

       2. This action be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.   Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 10, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
buca12cv1700.mtd